IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ASSOCIATED ENERGY GROUP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF DEFENSE<br><br>and<br><br>DEFENSE LOGISTICS AGENCY,<br><br>Defendants. | Civil Action No.: _____ |

**COMPLAINT**
(FREEDOM OF INFORMATION ACT)

Plaintiff, Associated Energy Group, LLC ("Plaintiff" or "AEG"), brings this action against the United States Department of Defense ("DoD") and its component, the Defense Logistics Agency-Energy ("DLA"), to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

Plaintiff has endeavored to avoid filing this action and has given DLA *every opportunity to comply* with the FOIA and produce the requested records to which AEG is entitled, but DLA has opted not to do so continually referencing its on-going review and backlog. Specifically, Plaintiff filed a FOIA request on June 22, 2023, seeking a *narrow subset of records* regarding DLA's Contract No. SPE60518D1256 ("contract") with contractor United Capital Investment Group ("UCIG") to supply fuel in Djibouti from 2018 to 2023. Plaintiff requested copies of (i) UCIG's written request in early 2018 seeking DLA's agreement to change the underlying fuel pricing index, (ii) communications between UCIG and DLA leading to the formal contract

modification changing the governing fuel index, and (iii) subsequent correspondence between DLA and UCIG during performance of the contract related to UCIG's representations regarding price updates and associated modifications.  These narrow categories should be easy to identify, compile, and release.

Yet, despite the clear statutory requirement that DLA respond within 20 working days and AEG's narrow request, DLA still has not produced a single record in response to the FOIA request that Plaintiff properly submitted months ago.  Under FOIA, DLA had until July 21, 2023, to produce the requested documentation – *DLA's production is almost 16 weeks past due.*

To justify its statutory shortcomings, DLA has neither claimed that the requested information is subject to any FOIA exceptions or privilege nor identified any unusual circumstances entitling it to an extended response deadline.  Instead, DLA points to a backlog of its own making that has existed for more than five years; this is not a recognizable justification under the law.  To remedy this statutory violation, Plaintiff seeks to compel Defendants to comply with their obligations under the FOIA.

Plaintiff further alleges as follows:

## PARTIES

1.     Plaintiff, Associated Energy Group, LLC, is an aviation fuel provider and international trip support company delivering services to a variety of corporate, commercial, and government clients at more than 3000 locations worldwide.  AEG's principal place of business is Miami, Florida.

2.     Defendant DoD is an agency of the United States of America under 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 551(1).

3. DLA is a component of DoD and an agency of the United States of America under 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 551(1).

4. DoD — and specifically its component, DLA — are the federal agencies with possession, custody, and control of the requested records and are responsible for fulfilling AEG's FOIA request.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this claim under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B) because AEG's principal place of business is within the Southern District of Florida.

6. Venue is proper under 5 U.S.C. § 552(a)(4)(B) because AEG's principal place of business is Miami, Florida.

## STATEMENT OF FACTS

**A.   Background Events**

7. In February 2018, DLA awarded UCIG a fixed-price requirements contract for fuel in Djibouti - Contract No. SPE60518D1256.

8. As awarded, the contract included an economic price adjustment clause that tied future price adjustments to changes in the Platts Arab Gulf Monthly index.

9. Shortly after the award, UCIG requested a contract modification to change the fuel index governing pricing under the contract to the Société Internationale des Hydrocarbure de Djibouti Official Djiboutian Publication (for simplicity, referred to as "Djiboutian index"), which is published internally by the Djibouti Ministry of Budget.

10. As part of its request, UCIG submitted documents to DLA supporting UCIG's request to modify the contract to use the Djiboutian index as a baseline for periodic price adjustments.

11. In June 2018, DLA issued Modification P00003, modifying the applicable price index to the Djiboutian index, retroactive to March 1, 2018. In so doing, DLA accepted the representations from UCIG as to the Djiboutian index pricing on a date certain specified in the modification.

**B.     AEG's FOIA Request**

12. On June 22, 2023, AEG submitted a FOIA request to DLA through FOIA.gov ("AEG Request").

13. The AEG Request was narrowly tailored to ask for specific information regarding UCIG's particular contract modification during a limited time period.

14. Indeed, AEG sought documents and communications between DLA and contractor UCIG relating to DLA's approval of Modification P00003 to Contract No. SPE60518D1256, including copies of UCIG's correspondence and submittals and DLA's approval of the modification.

15. AEG anticipated that this request would result in DLA's release of (i) UCIG's submittal immediately following the award requesting the index change, (ii) UCIG and DLA's correspondence regarding the wording, finalization, and execution of the modification, and (iii) UCIG and DLA's subsequent correspondence and modifications related to price updates.

16. As part of the AEG Request, AEG agreed to pay for all costs associated with this request up to $1,000.00.

17. The AEG Request sought expedited treatment.

18. A true and correct copy of the AEG Request is attached as Exhibit A.

C. **DLA's Inadequate Response to the AEG Request**

19. On June 23, 2023, DLA acknowledged receiving the AEG Request.

20. DLA assigned the AEG Request DLA FOIA Case Number DLA-2023-001176.

21. DLA admitted that it would be unable to meet its statutory obligations to provide a final determination within 20 working days.

22. DLA cited its current request backlog to justify its inability to meet its statutory obligations; however, according to FOIA.gov, DLA has had a backlog of more than 120 FOIA requests for at least the past five years.

23. It is incumbent on DLA to recognize its legal obligations under the FOIA and to staff its handling of such requests with appropriate resources to ensure it can meet the statutory timelines.

24. DLA did not identify any unusual circumstances, as defined in 5 U.S.C. § 552(a)(6)(B), that would entitle DLA to additional time to respond.

25. On July 30, 2023, AEG and DLA Energy Director of Supply Operations met to discuss the AEG Request, among other topics.

26. During that meeting, DLA confirmed that it had the AEG Request and was processing it.

27. After waiting 50 days, on August 10, 2023, AEG emailed DLA requesting a status update regarding the AEG Request.

28. DLA responded, stating that "[y]our request is in the cue [sic], and is [sic] it is being processed."

29. The next day, on August 11, 2023, AEG followed-up again, asking for the suspense date provided to the DLA employee charged with document collection.

30. The same day, August 11, 2023, DLA responded that "[t]he suspense date was August 8, 2023."

31. DLA qualified the response, stating that "I cannot rush them because they have their workload and backlog that they have to deal with."

32. On August 22, 2023, AEG met with DLA Energy Direct Delivery—the office responsible for retrieving the information.

33. During that meeting, AEG was told that the AEG Request was "being processed."

34. On August 25, 2023, AEG sent a letter to DLA FOIA Officer Judith Mansfield requesting that "DLA respond promptly with an intended production date of all responsive documentation."

35. Ms. Mansfield did not respond to AEG's letter.

36. On August 28, 2023, a DLA FOIA Specialist responded by apologizing for the delay and offering the excuse that DLA "recently experienced the reduction of our FOIA staffing."

37. Nonetheless, DLA stated that it "expect[ed] to close [the AEG Request] in the next 60-90 business days" – which translates into an additional 88 to 134 calendar days.

38. In addition, DLA stated that "[i]f you wish to withdraw your request, we kindly ask you respond, as such to this email as soon as possible."

39. In response, AEG asked DLA to "please provide . . . the name and contact information of your legal counsel."

40. DLA did not respond.

41. On September 7, 2023, AEG again asked DLA to forward the name and contact information of DLA's legal counsel.

42. DLA did not respond.

43. On September 19, 2023, AEG repeated its request that DLA forward the name and contact information of DLA's legal counsel.

44. DLA did not respond.

45. On September 21, 2023, AEG sent another letter to DLA FOIA Officer Judith Mansfield requesting that "DLA respond promptly with an intended production date of all responsive documentation."

46. Ms. Mansfield did not respond to AEG's letter.

47. The same day, AEG emailed the DLA FOIA Specialist handing the request to ask for the "status on your outstanding request for information."

48. The DLA FOIA Specialist did not respond to this status request.

49. After a month of silence, on October 24, 2024, AEG, through counsel, reached out to DLA counsel to ensure DLA counsel was aware of the delinquent FOIA response before AEG escalated the matter.

50. On October 27, 2023, DLA counsel expressed his appreciation for AEG informing him of the matter, but nonetheless could not provide any definite production schedule.

51. AEG thanked DLA for its reply and asked again for a "ballpark commitment" to produce by a date certain and suggested a rolling production if necessary.

52. A week later, on November 3, 2023, Ms. Mansfield, DLA Branch Chief for the FOIA Office responded, stating that DLA had only received some responsive records to date and that she "cannot provide [AEG] with an estimated date of completion at this time."

53. She again excused DLA's failure to provide the records within the statutory timeframe by explaining her office is currently working through a backlog and had staffing shortages.

54. AEG, through counsel, informed DLA that it would be filing this lawsuit today if DLA did not commit to a production schedule.

55. To date, DLA has not released any records in response to the AEG FOIA Request.

56. To date, DLA has not notified AEG about the number of documents that will be released and the reasons for withholding any records.

57. Under FOIA, within 20 working days of receipt of Plaintiff's request— that is, no later than July 21, 2023 — DLA was required to "determine . . . whether to comply with such request" and to "immediately notify" Plaintiff of "such determination and the reasons therefor." 5 U.S.C. § 552(a)(6)(A)(i).

58. DLA has not made a determination on the AEG Request within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

59. Absent filing this lawsuit, AEG believes that DLA will continue to deprioritize producing records in response to AEG's FOIA.

**COUNT I – FAILURE TO COMPLY WITH FOIA**

60. AEG incorporates each of the foregoing paragraphs of this Complaint.

61. Under FOIA, 5 U.S.C. § 552(a), AEG has a statutory right to access requested agency records.

62. Under the FOIA, 5 U.S.C. § 552(a)(6)(A)(i), DoD and DLA must issue a final determination to a FOIA request within 20 working days.

C:\Users\pkenaley\Desktop\AEG FOIA Complaint.docx

63.    AEG submitted the AEG Request on June 22, 2023, more than 20 working days ago.

64.    DoD and DLA have failed to conduct a reasonable search for records responsive to the AEG FOIA Request.

65.    DoD and DLA have failed to issue a final determination on the AEG Request.

66.    Thus, DoD and DLA violated the FOIA by failing to properly respond and issue a final determination for the AEG Request, as required by 5 U.S.C. § 552(a)(6)(A)(i).

## **PRAYER FOR RELIEF**

WHEREFORE, Associated Energy Group, LLC, respectfully requests that this Court enter a judgment for Plaintiff and award the following relief:

a.    Order Defendants, by a date certain, to conduct a search that is reasonably likely to lead to the discovery of any and all records responsive to Plaintiff's request;

b.    Order Defendants, by a date certain, to demonstrate that they have conducted an adequate search;

c.    Order Defendants, by a date certain, to produce all non-exempt records or portions of records responsive to Plaintiff's request and a *Vaughn* index of any withheld records or portions of records;

d.    Enjoin Defendants from withholding the requested records;

e.    Award Plaintiff its costs and attorney fees reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

f.    Grant Plaintiff such other and further relief as the Court may deem just and proper.

– 10 –

| | |
|---|---|
| Dated: November 8, 2023 | Respectfully submitted, |
| | BAKER & HOSTETLER LLP |

By: */s/ Joel E. Roberts*
Joel E. Roberts (FL Bar 0258910)
jeroberts@bakerlaw.com
BAKER & HOSTETLER LLP
200 South Orange Avenue, Suite 2300
Orlando, FL  32801-3432
Telephone: 407.649.4000

Todd J. Canni*
tcanni@bakerlaw.com
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025-0509
Telephone: 202.384.6223

Kevin Barnett*
kbarnett@bakerlaw.com
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5403
Telephone: 202.861.1642
*Attorneys for*
*ASSOCIATED ENERGY GROUP, LLC*

\* Pro hac vice applications forthcoming

C:\Users\pkenaley\Desktop\AEG FOIA Complaint.docx